THE STATE OF OHIO, APPELLEE, *v.* THE PENNSYLVANIA RD. CO., APPELLANT.

(No. 224—Decided June 25, 1956.)

*Mr. C. William O'Neill,* attorney general, *Mr. Thomas R. Lloyd* and *Mr. Hugh D. Wait,* for appellee.
*Messrs. Altick & McDaniel* and *Messrs. Maple & Maple,* for appellant.

*Per Curiam.* This is an appeal from a judgment against the defendant and in favor of the plaintiff on a verdict for

$11,000. Many errors are assigned, which, if well founded, would require a reversal of the judgment. One of the assigned errors is that there was a complete failure of proof upon an essential element of the plaintiff's case, and this has required an examination and analysis of the allegations of the pleadings and also the evidence found in the bill of exceptions. If well founded, it will require not only a reversal, but also the entry of final judgment by this court.

In its petition the plaintiff alleges that it is the owner of a large tract of land located in Warren County, Ohio, described by metes and bounds, totaling about 300 acres, within the boundaries of which are located certain prehistoric mounds and earthworks more than three miles in length, now known as Fort Ancient, found there in substantially their present condition by the earliest European explorers, and the origin of which little is known. It is alleged that the plaintiff maintains this area, including Fort Ancient, as a public park for the benefit of the public. It is alleged also that the defendant is a common carrier of freight and passengers by railroad over a right of way that is located near and adjacent to the plaintiff's described real estate.

As its first cause of action the plaintiff alleges that the defendant on October 25, 1944, negligently built fires on its right of way near the plaintiff's real estate at a time when the ground was covered with leaves and the grass was dry and highly combustible and when the fire was likely to spread toward the plaintiff's land because the wind was blowing in that direction; that defendant failed to do anything to keep the fire from spreading; that it did spread onto and upon the plaintiff's land and burned the trees and shrubs on more than 57 acres on October 25 and 26, 1944; and that after smoldering for several days the fire became active again between October 26 and November 4, 1944, and then spread over an additional nine and one-half acres, burning the trees and shrubs thereon. The total damage alleged to have been suffered by the plaintiff by reason of defendant's negligence in starting the fire on its right of way on October 25 and in negligently failing to prevent it from spreading onto the plaintiff's land was $22,719.50.

For a second cause of action, the plaintiff alleges that the

defendant built a second fire on its right of way on November 8, 1944, which it negligently allowed to spread over adjacent property onto and upon another part of plaintiff's land, burning the trees and shrubs and a toilet building located thereon to its damage in the additional sum of $6,834.50.

By answer, the defendant specifically denies that on October 25, November 4 or November 8, 1944, it started any fire on its right of way, or that any fire spread from its right of way onto the plaintiff's property. It admits that fires occurred on those dates on plaintiff's property, and that some trees and shrubs were damaged by the fire, but that at the time it knew nothing about any fire or the extent thereof. In other words, the answer puts in issue all the allegations of the petition charging it with being the cause of the plaintiff's loss and that plaintiff's loss was as extensive as alleged. The answer contains a second defense, which it is unnecessary to consider. A reply was filed.

The trial of these issues consumed many days, the entire record of which is before us.

Many errors are assigned which, it is urged, would require the reversal of this judgment. However, in view of our conclusion upon the one most strongly urged, and which lies at the very foundation of the plaintiff's case, we deem it unnecessary to consider the other assignments.

The plaintiff's cause of action is founded on the allegation that defendant started fires on its right of way and negligently allowed them to spread onto the plaintiff's land. The defendant denies that and contends that there is no substantial evidence in the record in proof of the allegation. Of course, the burden of proving the allegation rested upon the plaintiff. While Section 4963.37, Revised Code, makes a railroad liable for loss by fire originating upon land owned by it, limits the railroad's defense in an action to recover for loss caused by sparks from one of its engines and makes the existence of fire upon its lands prima facie evidence that it was caused by the operation of the railroad, it does not lessen the plaintiff's burden to trace the origin of the fire on its land to the fire on the railroad's land.

There is no dispute that there was fire both on defendant's right of way and on the plaintiff's property. That, however,

was not enough to charge either with liability to the other. The vital question is as to where the fire had its origin. To entitle the plaintiff to recover, it was incumbent upon it to prove by the greater weight of the evidence that the fire started on defendant's right of way.

We have read and reread the bill of exceptions to find what, if any, evidence it contains on this subject, having in mind the witnesses whose testimony the plaintiff claims tends to prove the allegation.

We are referred to the testimony of Lawrence J. Gray as containing some evidence to support the allegation. He was in Columbus, Ohio, when he was notified of the fire. He reached Fort Ancient three or four hours thereafter, and by that time the first fire had reached its maximum spread, or almost so. Several hours later, he saw some ties on the defendant's right of way that were on fire. He testified that the fire that was on plaintiff's property covered a large part of it, but he did not testify as to the extent of the fire on the defendant's right of way or that there was any relation between the burning ties and the fire on the plaintiff's property.

Neither this witness nor any other witness testified as to the direction the wind was blowing at the time.

There is a suggestion that because plaintiff's land slopes upward from some point near the defendant's right of way, it is reasonable to infer that the fire started at the bottom and spread upward; but that reasoning would not necessarily put the origin on defendant's right of way. The fire could have started on the slope on plaintiff's property and spread both ways, albeit it may have spread faster in one direction then in the other.

So we conclude that the testimony of this witness has no reasonable tendency to prove that the origin of this fire was on the defendant's right of way.

Another witness, whose testimony is relied on, is Clifford Cottingham. He was with the witness Gray and saw the same burning ties. He said that the ties were almost burned up and that "It had burned all around there, that was that area that had burned off." We fail to see where his testimony adds anything to that of Gray as to the origin of the fire.

The witness Henkle shed no light on this queston. The extent of his testimony was that he saw smoke above the tree tops as he approached Fort Ancient on a public road.

The only other witness to whose testimony we have been directed is Robert Frauenknecht. His testimony related to a time after the first fire and could have reference only to the origin of the third or last fire. He testified to seeing some men starting a fire of some railway ties, but the location was at a point which placed the area that had been burned over between the burning ties and the place where the third fire occurred—a long distance, perhaps a mile or more, therefrom. Those burning ties certainly could have had nothing to do with a fire that had already occurred, and their relation to a fire a mile away, and beyond a burned-over area of 75 acres, would seem to be insubstantial.

It is admitted that this area was traversed by many paths, and that visitors to Fort Ancient used those paths. It is admitted also that visitors were permitted to smoke while on the premises, and that, while there was a rule against building campfires, the rule was at times disregarded. While not expressly admitted, it is manifest that there was very little supervision of visitors at Fort Ancient. It is admitted that there had been many fires at Fort Ancient, the origin of which was unknown. The principal distinction between the fires of October and November, 1944, appears to be the difference in the area covered, which resulted from the drought prevailing there at the time.

That was all the evidence which, it is claimed, had any tendency to prove the origin of the fire.

Our conclusion is that there is no substantial evidence of the origin of the fire that caused the damage of which the plaintiff complains, and that the court erred in overruling the defendant's motions for an instructed verdict and for judgment notwithstanding the verdict.

For those reasons, the judgment is reversed, and final judgment entered in this court for the defendant.

*Judgment reversed.*

Ross, P. J., Hildebrant and Matthews, JJ., concur.